IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| W. CAMERON PARSONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA DEPARTMENT ) | Civil Action Number |
| OF TREASURY, INTERNAL REVENUE SERVICE, ) | 01-C-2513-W |
| STATE OF ALABAMA, DEPARTMENT OF ) | |
| REVENUE; TERESA TURNER; and LINDA ) | |
| HARTSFIELD, ) | |
| ) | |
| Defendants. ) | |

FILED
02 NOV 18 AM 10: 42
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 18 2002

**MEMORANDUM OPINION**

This case was brought as an interpleader action in the Circuit Court of Tuscaloosa, County, Alabama. It arises out of a foreclosure sale conducted by the Plaintiff, an attorney, on property formerly owned by the late Carl Wayne Turner. The proceeds of the foreclosure sale exceeded the amount of the indebtedness owed by Turner to the Plaintiff's client. The Plaintiff has duly deposited the excess funds ($44,543.30) with the Clerk of the Circuit Court.

The United States timely removed the case to this Court.

The First Defense asserted in the answer is that "[t]he United States of America, Department of Treasury, Internal Revenue Service should be dismissed as a party to this action because it lacks capacity to sue and be sued...." The United States has not moved to be substituted as the proper Defendant.

The Second Defense is that Plaintiff is not entitled to recover his attorney's fees and

costs to the extent that they are in derogation of federal tax liens. That defense appears to be viable. *Cable Atlanta, Inc. v. Project, Inc.*, 749 F.2d 626, 627 (11th Cir. 1984). The Court judicially notes that the Internal Revenue Service has filed tax liens against Carl Wayne Turner which substantially exceed the amount of the interpleaded funds.

There has not been a meeting of the parties, as required by F.R.Civ.P. 26 (f).

Defendant Alabama State Department of Revenue's Motion to Dismiss has been granted.

Default judgment has been entered against Defendant Teresa Turner.

Plaintiff has not effected service on the other Defendant, Linda Hartsfield.

The interpleaded funds remain in the Circuit Court of Tuscaloosa County. Plaintiff is not required to effect the transfer of the funds to this Court, particularly since he is not entitled to a reasonable attorney's fee for his services.

Under all of the circumstances, judicial efficiency and the interests of justice would best be served by dismissing the case, without prejudice.

Done this  15th  day of November, 2002

_____
Chief United States District Judge
U.W. Clemon